The Honorable James G. Dietz State Representative 7520 Highway 107 North Little Rock, Arkansas 72116
Dear Representative Dietz:
This is in response to your request for a supplemental opinion to Opinion Number 90-139 which was issued by this office on April 24, 1990.
The issue presented by that opinion was whether Arkansas real estate brokers and financial institutions can legally participate in the Interest on Real Estate Trust Account ("IORETA") program in light of 12 U.S.C. § 1832. See Opinion No. 90-139, copy enclosed. It was concluded therein that the program appeared to be permissible under current law interpreting 12 U.S.C. § 1832. It was also noted, however, that some language in 1832 requiring the "entire beneficial interest" in deposits or accounts to be held by individuals, the government, or an organization operated primarily for religious, philanthropic, charitable, educational, political, or other similar purposes gave us concern, although this concern appears to have been dismissed by existing case law.
You have indicated that in order for IORETA to receive a favorable ruling from the counsel for the Federal Reserve Board, an opinion from the state Attorney General must be obtained stating that the "entire beneficial interest in the interest funds earned by real estate brokers' trust accounts is held exclusively by a section 501 (c) (3) tax exempt corporation."
It is my understanding that "The Arkansas Real Estate Foundation, Inc." is a 501 (c)(3) tax exempt corporation, and it is my unequivocal opinion that it will hold the entire beneficial interest in the interest funds generated by the real estate brokers' trust accounts under the IORETA program. Our concern under 1832, which was expressed in Opinion No. 90-139, is that it is arguable that the entire beneficial interest in the principal funds comprising the deposits or accounts is not to be held by a charitable organization, although it may or may not be held by "one or more individuals". See 12 U.S.C. § 1832(a)(2).
It is our understanding, pursuant to the letter you enclosed from Michael Bradfield, General Counsel to the Board of Governors of the Federal Reserve System, that the Federal Reserve Board requires an opinion from the Attorney General stating that the organization involved holds the beneficial interest in the accounts involved because it has the exclusive right to the interest on the funds maintained in the program. Opinion No.90-139 opines that this conclusion does currently represent the weight of authority on the question. The Arkansas Real Estate Foundation, Inc. will hold the entire beneficial interest in the interest funds generated by the program, and it appears that under current law, and under the interpretation of the general counsel of the Federal Reserve Board and of the Federal Deposit Insurance Corporation, this is sufficient to give it the "entire beneficial interest" in the funds as that term has been interpreted under12 U.S.C. § 1832.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.